1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JORGE LUIS LOPEZ AGUILAR,          )     1:11-cv-00328 MJS HC
                                   )
                    Petitioner,    )     ORDER DISMISSING PETITION DUE TO
                                   )     PETITIONER'S FAILURE TO FOLLOW A
      v.                           )     COURT ORDER
                                   )
                                   )     [Doc. 9]
CATHRINA KANE,                     )
                                   )
                    Respondent.    )
_____)

16      _____Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

17 U.S.C. § 2254.

18      On February 25, 2011, Petitioner filed a petition for writ of habeas corpus. On

19 September 14, 2011, the Court issued an order requiring respondent to file a response to the

20 petition. (Order, ECF No. 6.)  On September 26, 2011, the copy of that order served on

21 Petitioner was returned by the U.S. Postal Service as undeliverable. On September 29, 2011,

22 the Court issued an order to show cause why the petition should not be dismissed for

23 Petitioner's failure to prosecute.  (Order to Show Cause, ECF No. 9.)  The order further

24 required Petitioner to report his current address to the Court within sixty-three (63) of the

25 service of the order. (Id.)  On October 11, 2011, the order served on Petitioner was returned

26 by the U.S. Postal Service as undeliverable.

27      Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep

28 the court apprised of his or her current address at all times.  Local Rule 183(b) provides, in

1   pertinent part:

2           If mail directed to a plaintiff in propria persona by the Clerk is
            returned by the U.S. Postal Service, and if such plaintiff fails to
3           notify the Court and opposing parties within sixty-three (63) days
            thereafter of a current address, the Court may dismiss the action
4           without prejudice for failure to prosecute.

5           In the instant case, over sixty-three (63) days have passed since Petitioner's mail was

6   returned and he has not notified the court of a current address.

7           In determining whether to dismiss an action for lack of prosecution, the court must

8   consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

9   court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public

10  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

11  alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King,

12  856 F.2d 1439, 1440-41 (9th Cir. 1988).  The Court finds that the public's interest in

13  expeditiously resolving this litigation and the Court's interest in managing the docket weigh in

14  favor of dismissal as this case has been pending since February 25, 2011. The Court cannot

15  hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his

16  address.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal,

17  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting

18  an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public

19  policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor

20  of dismissal discussed herein.  Finally, given the Court's inability to communicate with

21  Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no

22  lesser sanction is feasible.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    Accordingly, the Court hereby orders that this action be dismissed without prejudice for

2 Petitioner's failure to prosecute.

3                                    **ORDER**

4    Accordingly, IT IS HEREBY ORDERED that:

5    1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice; and

6    2. The Clerk of Court is DIRECTED to enter judgment.

7

8

9

10 IT IS SO ORDERED.

11 Dated:   <u>   December 8, 2011   </u>        /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28